1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10                            ----oo0oo----

11   GENERAL INSURANCE COMPANY OF
     AMERICA, a Washington
12   corporation, FIRST NATIONAL
     INSURANCE COMPANY OF AMERICA,
13   a Washington corporation; and
     SAFECO INSURANCE COMPANY OF
14   AMERICA, a Washington
     corporation,
15                                        NO. CIV. S-02-1020 WBS PAN
              Plaintiffs,
16
                                          MEMORANDUM AND ORDER
17        v.                              RE: REQUEST FOR STAY OF
                                          EXECUTION OF JUDGMENT
18   CORPORATE CONTROL, INC., a
     California corporation; HI-
19   VOLTAGE WIRE WORKS dba POWER
     PROVIDERS, a California
20   corporation; UNITED UTILITIES,
     INC., a California
21   corporation; SUPPLY SOURCE,
     INC., a dba EXTRA EQUIPMENT, a
22   California corporation; TRADE
     TECH. INC., a California
23   corporation; STEVE K. ZINNEL,
     an individual; MICHELLE
24   ZINNEL, an individual; ZINNEL
     FAMILY TRUST DATED DECEMBER
25   14, 1998 through its trustee,
     STEVE K. ZINNEL; and DOES 1
26   through 100, inclusive,

27            Defendants.
                              ----oo0oo----
28

                                    1

Defendant Steve K. Zinnel moves for a stay of execution of the judgment that resulted from litigation over his obligations under an indemnity agreement he and his codefendants made with plaintiffs.

I. Factual and Procedural Background

On October 26, 2004, this court entered a final judgment against, among others, Mr. Zinnel in the amount of $1,192,509.28.  Mr. Zinnel and his codefendants were also ordered to "deposit $250,000 in cash or negotiable securities as collateral with plaintiffs against future losses on [a given construction project] in accordance with the [court's] Reissued Memorandum and Order (re: Plaintiff's Motion for Summary Judgment) dated June 23, 2004."  (See Judgment at 2).  Pursuant to Federal Rule of Civil Procedure 62, Mr. Zinnel now moves the court to stay the execution of the judgment against him without requiring him to post a supersedeas bond.  If that request is denied, Mr. Zinnel moves the court to stay the execution of the judgment for 120 days to allow the United States Court of Appeals for the Ninth Circuit to rule on a subsequent motion for a stay of execution Mr. Zinnel intends to file with that court.[1]

---

[1]    Plaintiffs note that, on October 25, 2004, the court held a hearing on their motion for dismissal.  At that hearing, the court granted plaintiffs' motion and took the final drafting of the order under submission.  Toward the end of the hearing, Mr. Zinnel asked the court to set a date to hear a motion to stay the judgment.  The court set that hearing for December 6, 2004.  Mr. Zinnel moved to stay the portion of the judgment in Michelle Zinnel's favor but did not move to stay any portion of the judgment in plaintiffs' favor.  (Chee Decl. ¶ 9).  Plaintiffs now contend that Mr. Zinnel's motion to stay the portion of the judgment in their favor is untimely.  However, plaintiffs cite no authority for this proposition.  Therefore, this argument is rejected.

2

1   II.   Discussion[2]

2          Before the court can reach the merits of this motion,

3   it must first determine the proper legal standard to apply in

4   deciding the motion.   See Hagans v. Andrus, 651 F.2d 622, 624

5   (9th Cir. 1981)(applying improper legal standard grounds for

6   reversal).   There is some confusion among the parties as to what

7   the proper legal standard is.   Mr. Zinnel cites several cases for

8   the proposition that the court should apply a standard comparable

9   to that used by a district court in evaluating motions for

10  preliminary injunction.   (See Def.'s Mot. for Stay of Execution

11  of J. at 3-4).   Plaintiffs, in part, agree with Mr. Zinnel, but

12

13          [2]   The court notes that Mr. Zinnel has objected to
    plaintiffs' oppositions and certificates of service on the ground
14  that they were not properly served.   (See Steve K. Zinnel's
    Objection to Pls.' Certificates of Service & Opp'ns at 1,4).   He
15  contends that, contrary to the statements in plaintiffs'
    certificates of service, he was never personally served with the
16  relevant documents on June 13, 2005, but rather that he found
    them on the front porch of his personal residence on June 14,
17  2005.   (Zinnel Decl. in Supp. of Objections ¶¶ 5,7).

18          Mr. Zinnel's objection is unavailing.   Local Rule 5-135
    allows pro se litigants, like Mr. Zinnel to be "conventionally
19  served."   "Conventional service" is defined as service
    "accomplished by traditional means (either personal or mailing)
20  pursuant to Fed. R. Civ. P. 5(b)(2)(A)-(C). . . ."   Local Rule 1-
    101.   Federal Rule of Civil Procedure 5(b)(2)(B) allows for
21  service by mail and states that such service is complete on
    mailing.   Mailing can be accomplished by messenger service.   See
22  In re: William B. Kessler, Inc., 29 B.R. 358 (S.D.N.Y. Bankr.
    1983)(finding delivery by messenger service to be proper).
23
            Mr. Zinnel does not challenge the sworn statements in both
24  of plaintiffs' certificates of service to the effect that the
    documents were placed in a properly addressed envelope and served
25  on him by messenger service on June 13, 2005.   (See Pls.' June
    13, 2005 Certificate of Service at 2-3; Pls.' June 14, 2005 Am.
26  Certificate of Service at 2-3).   Nor does he deny that he
    received the relevant documents.   Instead, he freely admits that he
27  found them on his porch on June 14, 2005.   (Zinnel Decl. in Supp.
    of Objections ¶ 5).   Therefore, Mr. Zinnel's objections to
28  service are overruled.

contend that he faces an additional hurdle of demonstrating good cause for the court to deviate from the general rule of requiring the moving party to post a full supersedeas bond before staying the judgment pending appeal.  (See Pls.' Opp'n to Mot. For Stay of Execution of J. ("Pls.' Opp'n") at 7).

Plaintiffs are partially right.  All of the cases cited by the parties for the proposition that the court should apply a standard comparable to that used in deciding a motion for preliminary injunction involve either requests for stays of orders for injunctive relief or motions challenging preliminary injunctions.[3]  That such cases can be found is not surprising considering that Federal Rule of Civil Procedure 62(c) authorizes a party to seek a stay of an injunction pending appeal.  Fed. R. Civ. P. 62(c); Pajaro Dunes Rental Agency, Inc. v. Pajaro Dunes Ass'n, 2002 U.S. Dist. LEXIS 2593 *18-19 (N.D. Cal. Feb. 6, 2002); FTC v. Publ'g Clearing House, Inc., 1995 U.S. Dist. LEXIS 21150 *4 (D. Nev. July 12, 1995).  However, where a party seeks a stay of execution of a monetary judgment, courts analyze the request under Federal Rule of Civil Procedure 62(d).  Pajaro

---

[3]    See Hilton v. Braunskill, 481 U.S. 770 (1987)(vacating judgment denying application for stay of order directing release of habeas petitioner); Hawaii Housing Auth. v. Midkiff, 463 U.S. 1323 (1983)(addressing stay of injunction); Wildmon v. Berwick Universal Pictures, 983 F.2d 21 (5th Cir. 1992)(same); Gilder v. PGA Tour, Inc., 936 F.2d 417 (9th Cir. 1991)(affirming preliminary injunction); Lopez v. Heckler, 713 F.2d 1432 (9th Cir. 1991)(affirming preliminary injunctions); Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197 (9th Cir. 1980)(reversing preliminary injunction); Klaus v. Hi-Shear Corp., 528 F.2d 225 (9th Cir. 1975)(addressing Rule 62(c) motion for stay of injunctive order); Connecticut Hosp. Assoc. v. O'Neill, 863 F.Supp. 59 (D. Conn. 1994)(same); North Cent. Truck Lines, Inc. v. United States, 384 F.Supp. 1188 (W.D. Miss. 1974)(same).

4

1  Dunes Rental Agency, Inc., 2002 U.S. Dist. LEXIS 2593 at *15-23

2  (applying Rule 62(d) to monetary portion of judgment and Rule

3  62(c) to nonmonetary portion of judgment); Publ'g Clearing House,

4  Inc., 1995 U.S. Dist. LEXIS 21150 at *2-8(same).

5       The judgment for which Mr. Zinnel seeks a stay of

6  execution is a monetary judgment.  It involves an award of

7  $1,192,509.28 and a collateral deposit of $250,000 (See Judgment

8  at 2).  Mr. Zinnel might protest that the court's order requiring

9  him to make the $250,000 collateral deposit was injunctive in

10  nature and not monetary.  However, where a judgment has both

11  monetary and nonmonetary aspects, courts treat that judgment as

12  the type of judgment to which it is most comparable.  In re:

13  Capital West Investors, 180 B.R. 240 243 (N.D. Cal. 1995)(citing

14  Hebert v. Exxon Corp., 953 F.2d 936, 938 (5th Cir. 1992)(finding

15  no meaningful distinction between money judgment in form of

16  declaratory judgment and traditional money judgment for purposes

17  of Rule 62(d)); see also Arnold v. Garlock, Inc., 278 F.3d 426,

18  437 (5th Cir. 2001)(noting that diverse forms of judgment

19  pertaining to monetary responsibility may fall under Rule 62(d));

20  United States v. Mansion House Ctr. Redevelopment Co., 682

21  F.Supp. 446 (E.D. Mo. 1988)(treating mortgage foreclosure

22  judgment like money judgment for purposes of Rule 62(d)).

23  Because both portions of the judgment at issue in this motion are

24  best characterized as monetary in nature, the court applies Rule

25  62(d)'s legal standard to the entire judgment.

26       Rule 62(d) demands the application of a legal standard

27  sharply distinct from that demanded by Rule 62(c).  A party

28  seeking a stay of a monetary judgment under Rule 62(d) must

generally post a supersedeas bond.  <u>Townsend v. Holman Consulting</u>
<u>Corp.</u>, 881 F.2d 788, 796 (9th Cir. 1989) <u>vacated on reh'g on</u>
<u>other grounds</u>, 929 F.2d 1358 (9th Cir. 1990)(en banc).  The bond
is meant to "protect[] the prevailing [party] from the risk of a
later uncollectible judgment and compensate[] him for delay in
the entry of the final judgment."  <u>NLRB v. Westphal</u>, 859 F.2d
818, 819 (9th Cir. 1988)(per curiam).  However, a district court
has discretion to allow other forms of judgment guarantee or to
waive Rule 62(d)'s bond requirement entirely.  <u>Int'l Telemeter</u>
<u>Corp. v. Hamlin Int'l Corp.</u>, 754 F.2d 1492, 1495 (9th Cir. 1985);
<u>In re Combined Metals Reduction Co.</u>, 557 F.2d 179, 193 (9th Cir.
1977).

        When considering whether to waive the bond requirement,
district courts in this circuit generally apply a five-factor
test that was first articulated by the Seventh Circuit in <u>Dillon</u>
<u>v. City of Chicago</u>, 866 F.2d 902, 905-05 (7th Cir. 1988).  <u>See</u>
<u>United States v. Simmons</u>, 2002 U.S. Dist. LEXIS 11530 *5 (E.D.
Cal. May 14, 2002)(listing <u>Dillon</u> factors but not applying them
because plaintiff failed to request waiver of bond); <u>United</u>
<u>States v. Boyce</u>, 148 F. Supp.2d 1069 (S.D. Cal. 2001)(citing
<u>Dillon</u> factors); <u>United States v. Buff</u>, 1998 U.S. Dist. LEXIS
21262 *8 (S.D. Cal. Sept. 21, 1998)(applying <u>Dillon</u> factors);
<u>Publishing Clearing House, Inc.</u>, 1995 U.S. Dist. LEXIS 21150 at
*5-8(applying <u>Dillon</u> factors).  The five factors to consider are
(1) the complexity of the collection process; (2) the amount of
time required to obtain a judgment after it is affirmed on
appeal; (3) the degree of confidence the district court has in
the defendant's ability to pay the judgment; (4) whether the

1  defendant's ability to pay the judgment is so plain that the cost

2  of a bond would be a waste of money; and (5) whether the

3  defendant is in such a precarious financial situation that the

4  requirement to post a bond would place other creditors of the

5  defendant in an insecure position.  <u>Dillon</u>, 866 F.2d at 904-05.

6       However, where "a court chooses to depart from the

7  usual requirements of a full security supersedeas bond . . . , it

8  should place the burden on the moving party to objectively

9  demonstrate the reasons for such a departure."  <u>Poplar Grove</u>

10  <u>Planting & Ref. Co. v. Bache Halsey Stuart, Inc.</u>, 600 F.2d 1189,

11  1191 (5th Cir. 1979).  Courts cognizant of this burden of proof

12  have denied requests for waiver where those requests were based

13  on conclusory statements in affidavits, <u>Publ'g Clearing House,</u>

14  <u>Inc.</u>, 1995 U.S. Dist. LEXIS 21150, at *8, based on arguments

15  relating to insufficient funds, <u>Boyce</u>, 148 F. Supp.2d at 1069, or

16  unsupported by evidence, <u>Mitchell v. Burt & Gordon, P.C.</u>, 1994

17  U.S. Dist. LEXIS 3314 (D. Or. Mar. 16, 1994).

18       Because Mr. Zinnel is the moving party, he bears the

19  burden of objectively demonstrating a reason to waive Rule

20  62(d)'s bond requirement.  <u>Poplar Grove</u>, 600 F.2d at 1191.  Mr.

21  Zinnel devoted the bulk of his briefs to arguments regarding his

22  likelihood of success on the merits, the balance of hardships

23  between the parties, and other factors not relevant to this

24  motion.  However, Mr. Zinnel does contend that it would be

25  impossible for him to obtain a supersedeas bond based on his lack

26  of assets and poor credit.  (<u>See</u> Mem. & Points & Authorities in

27  Supp. of Def. Steve K. Zinnel's Mot. for Stay of Execution of J.

28  at 16).  To support this contention, Mr. Zinnel states in his

7

declaration that "[b]ased on information and belief, I believe I
have no non-exempt assets that would satisfy any judgment," and
that "[b]ased on information and belief, I believe that I have no
assets that would allow me to post a bond in accordance with
Federal Rule of Civil Procedure 62(d)."  (Zinnel Decl. ¶¶ 5-
6)(emphasis added; italics omitted).  He also states that he
served on plaintiffs' counsel a claim of exemption listing his
assets and the law providing for each exemption.  (Id. ¶ 4; Index
of Attach. Exs. in Supp. of Steve K. Zinnel's Mot. for Stay of
Execution ("Index"), Ex. 5(Claim of Exemption)).

     This evidence is deliberately evasive at worst and
problematic at best.  Mr. Zinnel's statements regarding his
assets were made only on information and belief.  As such, they
are insufficient to meet his burden of proof on this motion.  See
Publ'g Clearing House, Inc., 1995 U.S. Dist. LEXIS 21150, at
*8(denying request for waiver of supersedeas bond based on
conclusory statements in defendant's affidavits regarding
defendant's alleged inability to obtain a bond).  The claim of
exemption Mr. Zinnel references is equally unhelpful to his
cause.  As plaintiffs correctly point out, the claim of exemption
lists only Mr. Zinnel's allegedly exempt assets.  It does not
purport to be an exhaustive list of all his assets.  Even if it
did, the fact that an asset may be exempt from judgment does not
mean that it may not be used to obtain a bond.  Therefore, the
claim of exemption does not establish that Mr. Zinnel is unable
to post the requisite supersedeas bond.                       Mr.
Zinnel also declares that another creditor named First Bank &
Trust already has a lien on his assets that was obtained in May

of 2002.  (Id. ¶ 9).  To establish this, he points to a letter
dated December 30, 2002 that was sent to plaintiffs' counsel by
Mr. Zinnel's former attorney.  (See id. ¶ 10).  The letter
states, in part, that "[a]ll of the attachable assets of [Mr.
Zinnel] are subject to a prior attachment lien in favor of First
Bank & Trust, successor in interest to First Bank of California.
You may check the court files in Sacramento County Superior
Court. . . ."  (Index, Ex. 8(letter from Richard A. Bunn, Esq.)).

        This evidence arguably goes to the fifth Dillon factor
regarding whether the defendant is in such a precarious financial
situation that the requirement to post a bond would place other
creditors of the defendant in an insecure position.  Dillon, 866
F.2d at 904-05.  However, Mr. Zinnel provides no evidence that
such a lien is currently in place.  Moreover, plaintiffs'
counsel, Lyndon Y. Chee, declares that on June 8, 2005, he
conducted an internet search of the Sacramento County Clerk-
Recorder's on-line records for liens against Steven Zinnel.
(Chee Decl. ¶ 7).  He states that his search revealed no liens
against Mr. Zinnel in favor of First Bank & Trust on record.
(Id.).  The copies of the printouts attached to Mr. Chee's
declaration support Mr. Chee's statements.

        The evidence Mr. Zinnel presents to support his request
to waive the supersedeas bond is weak at best.  Any inference
that First Bank & Trust still has a lien on Mr. Zinnel's property
is undermined by Mr. Chee's declaration and the evidence attached
to it.  Moreover, it is Mr. Zinnel who bears the burden of proof
on this motion, and not plaintiffs.

1    It is thus of consequence that Mr. Zinnel's arguments
2  barely speak to the five Dillon factors the court must apply in
3  this motion.  Mr. Zinnel has not shown that the collection
4  process will lack complexity.  He has not shown that plaintiffs
5  will be able to collect their judgment against him quickly should
6  they prevail on his appeal.  He has not shown that he has assets
7  to pay the judgment.  In fact, he has argued just the opposite,
8  claiming that he believes he cannot satisfy it.  This leads the
9  district court to doubt Mr. Zinnel's ability to pay the judgment.
10 This doubt cuts against Mr. Zinnel, because the point of the bond
11 is to ensure that a prevailing party can collect its judgment.
12 See Westphal, 859 F.2d at 819.  This is not a situation where the
13 defendant's ability to pay is so plain that the cost of a bond
14 would be a waste of money.  Nor has Mr. Zinnel established that
15 First Bank & Trust still has a lien on his property, much less
16 that requiring him to post a bond would place First Bank & Trust
17 in an insecure position as a nonparty creditor.

18    Because Mr. Zinnel has failed to demonstrate that the
19 court should waive the supersedeas bond, his request for a stay
20 of execution of the judgment must be denied.

21    Nor will the court grant Mr. Zinnel's alternative
22 request to stay the execution of the judgment for 120 days to
23 allow the United States Court of Appeals for the Ninth Circuit to
24 rule on a subsequent motion for a stay of execution Mr. Zinnel
25 intends to file with that court.  As Mr. Zinnel notes in his
26 motion, Rule 8 of the Federal Rules of Appellate Procedure
27 authorizes him to appeal to the Ninth Circuit for a stay of
28 execution of judgment pending appeal.  Fed. R. App. P. 8.  This

court's denial of his request for a stay will trigger the Ninth Circuit's authority to hear that motion under Fed. R. App. P. 8(a).  Therefore, Mr. Zinnel may make a motion to the appellate court.

IT IS THEREFORE ORDERED that defendant Steve K. Zinnel's motion for stay of execution of judgment be, and the same hereby is, DENIED.

DATED: June 27, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

11