UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GENERAL INSURANCE COMPANY OF
AMERICA, et al.,

        Plaintiff,        CIV S-02-1020 WBS PAN

    v.

                              ORDER

CORPORATE CONTROL INC., et al.,

        Defendants.

—oOo—

Steve K. Zinnel shall appear at 9:00 a.m., Wednesday, July 20, 2005, in Courtroom 25, for examination pursuant to Fed. R. Civ. P. 69(a). Mr. Zinnel shall bring and make available for inspection and copying the following writings as may be within his possession, custody or control:

    1.  Current statement or schedule of assets and liabilities.

    2.  Documents relating to real property at 2428 Glenfaire Drive, Rancho Cordova, California 95670, which show date purchased, amount paid, current or most recent fair market value,


mortgages (including original amount, current balance, and monthly payment with break down between principal and interest), liens, encumbrances, and proceeds from any sale or disposition of real property.

3. Documents relating to any direct or indirect ownership interest in Corporate Control, Inc., Hi-Voltage Wire Works dba Power Providers, Supply Source, Inc. dba Extra Equipment, United Utilities, Inc., North Valley Precision Products, LLC, NVPP, LLC, Trade Tech, Inc., Talten Tam, LLC, Soft Shop, Inc., and Roseville Precision Products, Inc., whether such interest is or was held in the name of any Defendant, or on behalf of any Defendant, including but not limited to income statements for the most recent annual reporting period, and most current balance sheets showing cost and fair market value of assets, liabilities, and net worth.

4. Documents relating to any Defendants interest in partnerships or corporations over the past 10 years, whether such interest is or was held in the name of any Defendant, or on behalf of any Defendant, including but not limited to income statements for the most recent annual period, and most current balance sheets showing cost and fair market value of assets, liabilities, and net worth.

5. Documents relating to any Defendants interest in accounts receivable, whether such interest is held in the name of any Defendant, or on behalf of any Defendant, including any outstanding notes receivable, loan documents showing original loan, payment history, and anticipated future collections by month until paid.

6. Documents relating to any Defendants interest, whether such interest is held in the name of any Defendant, or on behalf of any Defendant, in oil, timber, or gas holdings, including copies of leases, royalty agreements, royalty payments, and related expenses, and original purchase documents and costs along with fair market value of holdings.

7. Documents relating to any Defendants interest, whether such interest is held in the

name of any Defendant, or on behalf of any Defendant, in any intangible assets such as covenant not to compete agreements, patents, or copyrights showing their original value, depreciation, and current value.

8. Documents relating to trusts owned or controlled by any Defendant, or naming any Defendant as beneficiary, or intended to benefit any Defendant, including but not limited to the original trust document and amendments thereto, and documents relating to the corpus of the trust which show date purchased, amount paid, current or most recent fair market value, mortgages (including original amount, current balance, and monthly payment with break down between principal and interest), liens, encumbrances, proceeds from any sale or disposition of property, and any income received.

9. Documents relating to any Defendants personal asset, such as automobiles, gold coins, jewels, paintings, rare antiques, etc, including the original acquisition documents showing costs, and documents showing current fair market value.

10. Agreements between Steve K. Zinnel and Michelle Zinnel regarding application or non-application of California community property laws, including but not limited to ante-nuptial or post nuptial agreements.

11. Documents relating to the Zinnel Family Trust dated December 14, 1998, including, but not limited to, the terms and conditions of the trust, the names of the trustees, the names of the beneficiaries, the corpus of the trust, and any valuation thereto.

12. Documents relating to any and all assets owned in whole or in part by any Defendant, whether such interest is held in the name of any Defendant or on behalf of any Defendant.

13. Documents showing the source and nature of all gross income, earned or unearned, of Steve K. Zinnel for the past 10 years.

14. Documents showing the nature and amount of all expenses or any disbursements by Steve K. Zinnel, or any entity owned or controlled by him

3

        for the past 10 years.

        15.  All policies of insurance purchased or held, in whole or in part, by or for the benefit of any Defendant for the past ten years.

        16.  Any monies, real or personal property received, or to be received, by Steve K. Zinnel, in whole or in part, through inheritance, devise or other testamentary means, at any time in the last ten years.

        17.  Any agreement to settle or otherwise resolve any litigation involving any Defendant.

        18.  Any document showing the nature, name of creditor, and amount of any encumbrance on 11966 Old Eureka Way, Gold River, California 95670.

    The U.S. Marshal is directed to serve this order by delivering a copy to Mr. Zinnel personally no later than Wednesday, July 13, 2005.

    If Mr. Zinnel fails to appear at the time and place specified in this order, he is subject to arrest and punishment for contempt of court and the court may make an order requiring him to pay the reasonable attorney's fees incurred by the judgment creditor in this proceeding.

    So ordered.

    Dated:  July 11, 2005.

                                 /s/ Peter A. Nowinski
                                 PETER A. NOWINSKI
                                 Magistrate Judge